**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-61857-CIV-DAMIAN**

**DAMARIS AIDALY VILLAFRANCA CABRERA,**

 Petitioner,

v.

**GARRETT RIPA, Field Office Director of the Miami Field Office,** *et al,*

 Respondents.

_____/

**OMNIBUS ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS* AND
MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

 **THIS CAUSE** is before the Court on Petitioner, Damaris Aidaly Villafranca Cabrera's ("Petitioner"), Petition for Writ of Habeas Corpus [ECF No. 1 (the "Petition")], filed on July 3, 2026, and Motion for Temporary Restraining Order and/or Preliminary Injunction [ECF No. 5 (the "Motion")], filed on July 9, 2026. On July 13, 2026, this Court entered an Order to Show Cause [ECF No. 6]. On July 22, 2026, Respondents filed a Response to Order to Show Cause [ECF No. 7 (the "Response")],  and on July 23, 2026, Respondents filed an Opposition to Petitioner's Motion [ECF No. 8 (the "Opposition")]. On July 26, 2026, Petitioner filed a Reply to the Response [ECF No. 9] (the "Habeas Reply"), and, on July 30, 2026, Petitioner filed a Reply in Support of the Motion [ECF No. 10] (the "Injunction Reply").

 THE COURT has reviewed the above filings, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

## I.     BACKGROUND

Petitioner is a native and citizen of Honduras. Pet. ¶ 18; [ECF No. 7-1]. On February 23, 2014, Petitioner and her two minor children presented themselves to immigration officials at the Ysleta Port of Entry in Texas and sought admission to the United States. Resp. at 1–2; [ECF No. 7-1]. Because Petitioner did not possess a valid immigrant visa, reentry permit, border-crossing identification card, or other valid entry document, immigration officials determined that she was inadmissible under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(7)(A)(i)(I). Resp. at 1–2; [ECF Nos. 7-1, 7-2]. On February 24, 2014, the Department of Homeland Security ("DHS") paroled Petitioner and her children into the United States pursuant to 8 U.S.C. § 1182(d)(5). Pet. ¶ 19; Resp. at 2; [ECF No. 7-3].

On June 26, 2024, DHS issued Petitioner a Notice to Appear ("NTA"), charging her as inadmissible under section 212(a)(7)(A)(i)(I) of the INA. Resp. at 2; [ECF No. 7-2]. DHS filed the NTA with the Executive Office for Immigration Review on July 10, 2024, thereby commencing removal proceedings against Petitioner. Resp. at 2; [ECF No. 7-2]. Petitioner subsequently appeared before an immigration judge and, on March 31, 2025, filed an application for asylum in the immigration court. Pet. ¶ 23; [ECF Nos. 1-9, 1-10].

On June 30, 2026, Petitioner appeared for a scheduled appointment at the Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations office in Miramar, Florida. Pet. ¶ 24; Resp. at 2; [ECF No. 7-1]. ICE issued a warrant for Petitioner's arrest and took her into immigration custody that day. Resp. at 2; [ECF Nos. 7-4, 7-5]. On July 1, 2026, ICE issued Petitioner a Notice of Custody Determination. Resp. at 2; [ECF No. 7-6]. Petitioner was thereafter transferred to the Broward Transitional Center, where she remained detained pending resolution of her removal proceedings. Pet. ¶ 24; Resp. at 2; [ECF No. 7-5].

2

At the time Respondents filed their Response, Petitioner was scheduled to appear before an immigration judge on July 29, 2026. Resp. at 2; [ECF No. 7-7].

In the Petition, Petitioner argues that her detention is governed by 8 U.S.C. § 1226(a), rather than the mandatory-detention provisions of § 1225(b)(2)(A), because ICE arrested her in the interior of the United States approximately twelve years after she was paroled into the country. Pet. ¶¶ 43–46. Petitioner also contends that her detention without an individualized bond hearing violates her procedural and substantive due-process rights under the Fifth Amendment. *Id.* ¶¶ 47–54. She seeks immediate release or, alternatively, an individualized bond hearing. *Id.* at 18–19.

Respondents counter that Petitioner remains an "arriving alien" because she originally presented herself at a port of entry, applied for admission, and was paroled into the United States. Resp. at 2–6. Respondents therefore maintain that Petitioner is subject to mandatory detention under § 1225(b)(2)(A) and may be released only through DHS's discretionary parole authority under 8 U.S.C. § 1182(d)(5). *Id.* at 4–6. In the Habeas Reply, Petitioner responds that, regardless of her continuing classification as an arriving alien, she was not "seeking admission" within the meaning of § 1225(b)(2)(A) when ICE arrested her in the interior twelve years after her arrival. Habeas Reply at 1–7. Petitioner further maintains that the procedures surrounding her renewed detention violated the Fifth Amendment. *Id.* at 7–9.

Petitioner separately moves for a temporary restraining order or preliminary injunction prohibiting Respondents from transferring her outside this District or removing her from the United States while the Petition remains pending. Mot. at 1–2, 13–14. Respondents oppose the requested injunctive relief, arguing that Petitioner cannot establish a substantial likelihood of success on the merits, an imminent and irreparable injury, or that the balance of equities and public interest favor an injunction. Opp'n at 2–4. In the Injunction Reply, Petitioner

contends that her detention is governed by § 1226(a) and that transfer or removal would interfere with her access to counsel, separate her from her family and community, and impair the Court's ability to adjudicate the Petition. Injunction Reply at 1–5. The Petition is ripe for adjudication.

## II.    LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Based on the binding authority from the United States Supreme Court in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), this Court concludes that Petitioner is not entitled to a bond hearing under § 1226(a) because she is subject to mandatory detention under § 1225(b).

At the outset, the undersigned points out that this Court has acknowledged many times, and the Eleventh Circuit recently held, that noncitizens who enter the United States without inspection but are later apprehended in the interior of the country are not categorically subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1275-85 (11th Cir. 2026).[1] As the

---

[1] *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-

4

Eleventh Circuit explained in *Hernandez Alvarez*, § 1225(b)(2)(A) applies only to noncitizens who are "seeking admission," meaning those actively pursuing lawful entry after inspection and authorization by an immigration officer. *Id.* at 1269. ("However, on this record, we cannot also say that they were 'seeking lawful entry after inspection and authorization by an immigration officer' when they were detained. Petitioners were not applying for entry in any literal sense when they were detained following a traffic stop, nor were they taking any cognizable step to obtain the rights and privileges of lawful entry. They were only present in the country. They were not seeking or pursuing any object, let alone 'lawful entry.'"). Thus, pursuant to the Eleventh Circuit's holding in *Hernandez Alvarez*, mere physical presence in the United States without prior admission does not itself render a noncitizen "seeking admission" within the meaning of the statute and subject to mandatory detention under § 1225(b)(2)(A). *Id.*

Petitioner here seeks relief based on *Hernandez Alvarez*. However, she is not similarly situated to the detained aliens in that case. Instead, Petitioner's circumstances are more akin to those addressed in *Thuraissigiam*. In *Thuraissigiam*, the Supreme Court held that "aliens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are 'treated' for due process purposes 'as if stopped at the border.'" 591 U.S. at 139 (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 215 (1953)). Thus, in *Thuraissigiam,* the Supreme Court determined that the petitioner, who had been classified as an arriving alien and had a pending asylum claim, was not entitled to habeas relief based on

---

CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026); *Arcia Alfonso v. GEO Group, Inc., et al.*, No. 26-60286-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 17, 2026); *Mejia v. Lyons, et al.*, No. 26-60258-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Apr. 3, 2026).

being detained without bond by immigration authorities. According to the Court, such an alien "has only those rights regarding admission that Congress has provided by statute," and Congress, through the INA, provides for detention without bond in those circumstances. *Thuraissigiam*, 591 U.S. at 140.

The Supreme Court has long rejected the proposition that an alien ceases to be an arriving alien and attains rights otherwise unavailable to arriving aliens solely based on the alien's length of detention, release, or presence in the United States. *Id.* at 139; *Jennings v. Rodriguez*, 583 U.S. 281, 296-303 (2020) (rejecting Ninth Circuit's holding that after six months, detention of alien under section 1225(b) shifts to section 1226(a)); *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative.").

Under the INA, an inadmissible alien who entered the United States at a port-of-entry without required documentation is classified as an "arriving alien." 8 U.S.C. §§ 1182(a)(7)(A)(i)(I), 1225(b)(1). Detention of an arriving alien pending completion of removal proceedings is mandatory even if an asylum officer determines the alien has a credible fear of persecution. 8 U.S.C. § 1225(b)(1)(B)(ii); *Jennings*, 583 U.S. at 297 (finding the "clear language" of section 1225(b)(1) mandates detention of aliens claiming a credible fear of persecution). The only exception is that the Attorney General may exercise his discretion to release such alien on parole. 8 U.S.C. § 1182(d)(5)(A).

Because Petitioner was classified as an arriving alien in the NTA issued when she arrived to the United States, Petitioner is subject to mandatory detention under the INA and is not entitled to habeas relief based on the immigration court's failure to afford her a bond hearing. *See Flores v. Warden*, No. 26-cv-60399, 2026 WL 1437166 (S.D. Fla. May 21, 2026)

(Altman, J.) (denying habeas petition for an "arriving alien" because arriving aliens are subject to mandatory detention through the completion of removal proceedings even if they were previously paroled); *Molina v. U.S. Immig. & Cust. Enforcement*, No. 26-cv-22607, 2026 WL 1282832 (S.D. Fla. May 11, 2026) (Bloom, J.) (same).

Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunction seeks to prohibit Respondents from transferring her outside this District or removing her from the United States while the Court adjudicates the Petition. Mot. at 1–2, 13–14. Because the Court now resolves the Petition and concludes that Petitioner is not entitled to habeas relief, Petitioner cannot establish a substantial likelihood of success on the merits. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Therefore, the Motion must be denied.

## IV.    CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition **[ECF No. 1]** is **DENIED.** It is further

**ORDERED AND ADJUDGED** that Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunction **[ECF No. 5]** is **DENIED.**

The Clerk of Court is directed to **CLOSE** this case. All pending motions, if any, are **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 5th day of August, 2026.

 

_____

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

7